UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCHENVISKY JAMES, #155610,               )
                          Plaintiff,     )
                                         )        No. 4:01-cv-98
-v-                                      )
                                         )        Honorable Paul L. Maloney
CONNIE HORTON,                           )
                          Defendant.     )
_____  )

## OPINION

On July 19, 2019, United States Magistrate Judge Ellen S. Carmody[1] issued a Report

& Recommendation ("R&R") recommending that the Court dismiss Petitioner Schenvisky

James' petition for writ of habeas corpus (ECF No. 212). This matter is now before the Court

on James' objection to the R&R (ECF No. 216), and several other motions and objections

(ECF Nos. 205, 206, 218, 219). For the reasons to be discussed, the Court will overrule all

objections, adopt the R&R as the Opinion of the Court, deny the outstanding motions, and

deny James' petition.

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and

recommendation, rather than an order. After being served with an R&R issued by a

magistrate judge, a party has fourteen days to file written objections to the proposed findings

and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge

_____

[1] Judge Carmody retired on November 1, 2019; Magistrate Judge Sally J. Berens is now assigned to the case.

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

James' objection spans 49 pages and covers a wide variety of alleged issues in his 1996 trial, appeal, and this habeas proceeding. The objections can be grouped into three main categories: (1) errors in the form of the R&R, (2) errors of fact, and (3) errors of law.

### 1. Errors in the R&R itself

James brings two objections to the form of the R&R itself. Neither have merit. First, he objects to the typographical error on page 13, where the R&R states that it can "address Peterson's petition on the merits." It is plain that this is a typographical error; the R&R should read "Petitioner" instead of "Peterson." This is of no consequence to the R&R's analysis or conclusions, so this objection is overruled.

James next argues that the magistrate judge erred by recharacterizing his claims. The magistrate judge summarized each of James' arguments in one sentence, rather than in the paragraphs James used as headings. Each "recharacterized" claim is true to the core of James' arguments; the magistrate judge simply stated the argument more concisely. The magistrate judge did not treat James' claims any differently after the "restatement." The Court finds no error in the R&R, so this objection is overruled.

## 2. Errors of fact

James argues that the magistrate judge mischaracterized his testimony and the testimony of Deborah Sanders, Corinne Cooks, George Sullivan, and Patrick Nelson. James argues that the magistrate judge failed to include the word "accident" in the R&R, even though each witness testified that James' actions may have been accidental. On the Court's de novo review of the testimony, the R&R does not mischaracterize the testimony given by any witness. And this evidence was reviewed in the context of James' insufficient evidence claim, where the R&R appropriately viewed the evidence in the light most favorable to the prosecution. *See O'Hara v. Brigano*, 499 F.3d 492, 499 (6th Cir. 2007). The R&R appropriately gave weight to the testimony that James aimed his gun at the victim and shot either him or the ceiling and discounted the testimony that these actions were accidental. The Court finds no error in the R&R's description of eyewitness testimony, so this objection is overruled.

James next objects to the R&R's inclusion of the testimony of medical examiner Dr. Lanning Davidson, arguing that he was not a ballistics expert, so he should not have opined about the way the victim was shot. According to James, the inclusion of this testimony in the

R&R was erroneous. The Court disagrees. On review of Dr. Davidson's testimony, he clearly testified that he was not a ballistics expert, and that all he could determine from the autopsy was whether a weapon was discharged at very close range (ECF No. 189-4 at PageID.947-948). Dr. Davidson testified that "the weapon that was used to kill [the victim] was held at least two feet away, but it could have been held any distance further away from him such that there was no evidence of close range firing on his forehead." (*Id.* PageID.948.) Dr. Davidson did not testify about any ballistics or weaponry beyond this opinion, which the Court finds was within the bounds of his certification as an expert in forensic pathology (*Id.* at PageID.945). James' objection here is overruled.

Somewhat contrarily, James next objects to the "incomplete" nature of Dr. Davidson's testimony, arguing that the testimony was improper because Dr. Davidson did not specifically mention that the bullet was "deformed" when it was extracted. This argument was raised and addressed by the Magistrate Judge in James' petition, so the court need not address it. *See, e.g., Nickelson v. Warden*, Case No. 1:11-CV-00334, 2012 WL 700827 at *4 (S.D. Ohio Mar. 1, 2012) (holding that "objections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."). Regardless, the Court finds no error in the R&R regarding the content of Dr. Davidson's testimony. This objection is overruled.

James' final objection regarding Dr. Davidson is, confusingly, that Dr. Davidson did not actually testify about where the weapon was in relation to the victim: he argues that this testimony was fraudulently inserted into the record. There is simply no evidence of transcript alteration beyond James' own assertions about it, so this objection is overruled.

James combines all of these objections to argue that the magistrate judge erred by finding that his convictions were supported by sufficient evidence. On the Court's de novo review of the record, taking all reasonable inferences in favor of the prosecution and having found that the individual objections are meritless, the Court agrees with Magistrate Judge Carmody and finds that James' convictions were supported by sufficient evidence. This objection is overruled.

James also objects to the "bad man character evidence" presented at his trial, including testimony that he may have been selling drugs and/or working as a pimp. James argues that this evidence was false, as contrasted by his testimony that he was a law-abiding citizen. Given that the "bad man" evidence was introduced by direct testimony from witnesses, and his good character evidence was introduced by his own testimony, James' character was a credibility determination for the jury to make. The R&R properly considered this evidence, and there was no error in the R&R on this point. This objection is overruled.

James' final fact-based objection is that the R&R failed to recognize that nearly all of the transcripts have been altered or falsified. Again, James presents no credible evidence to support this claim, so this objection is overruled.

### 3. Errors of Law

James argues that the trial judge erred by instructing the jury that malice may be inferred by his use of a dangerous weapon. However, James has failed to recognize an important distinction: under Michigan law, a jury need not necessarily infer malice from the use of a deadly weapon, but malice *may* be inferred from the use of such a weapon. *See, e.g., People v. Jordan*, Case No. 172267, 1997 WL 33350698 at *1 (Mich. Ct. App. Apr. 29,

1997). The judge did not instruct the jury that it *must* find malice because of the use of a dangerous weapon; the trial judge properly instructed the jury that it *may* find malice (ECF No. 189-6 at PageID.1209). There was no error at trial, there is no error in the R&R, and this objection is overruled.

James next argues that the elements of second-degree murder are unconstitutionally vague because the statute that codifies common-law murder simply states that murder that does not meet the elements of first-degree murder is second-degree murder. MCL 750.317. To establish second-degree murder, the prosecution must show that the defendant killed a human being with malice aforethought. In order to show malice aforethought, the prosecution must establish one of three mental states on the part of the defendant at the time of the killing: (1) intent to kill; (2) intent to commit great bodily harm; or (3) intent to create a very high risk of death or great bodily harm with the knowledge that death or great bodily harm is the probable result. *See, e.g., People v Dykhouse*, 418 Mich. 488, 495-96, 345 N.W.2d 150, 151-2 (1984); *People v Aaron*, 409 Mich. 672, 713-14, 299 N.W.2d 304, 319-20 (1980). This is not unconstitutionally vague, nor is the codifying statute. This objection is overruled.

James next argues that the R&R erred when it determined that his claim that the state court lacked jurisdiction to conduct his criminal trial was meritless. He argues that because he was bound over without probable cause, the trial court did not have jurisdiction to try and convict him. However, James raised this issue on direct appeal, and the Michigan Court of Appeals determined that the trial court did have jurisdiction to try and convict him. As the magistrate judge stated, "a state court's interpretation of state jurisdictional issues conclusively

establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Therefore, this issue is not cognizable in the federal habeas petition, and this objection is overruled.

James' final objection regards the R&R's conclusion that he knowingly, voluntarily, and intelligently waived his right to appellate counsel. On the Court's de novo review of the record, James' actions demonstrate a continued, intentional effort to represent himself. James moved to represent himself and reiterated this intent on multiple occasions before the trial judge. There is nothing in the record that suggests that James did not knowingly, intelligently, and voluntarily waive his right to counsel at trial or on appeal. There is no error in the R&R, so this objection is overruled.

Given the above analysis, the Court finds that there are no errors in the R&R, and James' objection (ECF No. 216) will be overruled in full.

The remaining docket items are as follows: a motion to correct this Court's March 22, 2019 Order (ECF No. 205), a motion for summary judgment (ECF No. 206), an objection to the magistrate judge's denial of James' request for an evidentiary hearing (ECF No. 218), and an objection to the magistrate judge's denial of James' request for discovery (ECF No. 219). None of these filings have merit.

First, James' motion to correct the Court's March 22, 2019 order: James argues that the March 22 order contains an error of fact because it states that James received an earlier order (ECF No. 171), and James did not actually receive a copy. The earlier order granted James' motion to file an amended petition for writ of habeas corpus. Given that James has since received a copy of the earlier order, has been granted an extension of time to file his

amended petition (ECF No. 172), and has since filed his amended petition (ECF No. 181), the Court finds that there is no need to correct the March 22, 2019 order. This motion will be dismissed as moot.

Second, James' objects to the magistrate judge's denial of his request for an evidentiary hearing. However, the Court agrees with the magistrate judge's conclusion that James has not shown that his claim relies on a new rule of constitutional law or newly discovered evidence, nor has he shown that the evidence he seeks to introduce would establish by clear and convincing evidence that absent constitutional error, no reasonable factfinder would have found him guilty. *See* 28 U.S.C. § 2254(e)(2). There is no error in the magistrate judge's decision; this objection will be overruled.

Third, James objects to the magistrate judge's denial of his request for discovery. The Court agrees with the magistrate judge's conclusion that no undeveloped facts may lead the court to believe that habeas relief is appropriate. There is no error in the magistrate judge's decision; this objection will be overruled.

Finally, James' motion for summary judgment: given the Court's decision on James' objections and the Court's decision to adopt the R&R as the opinion of the Court, the motion for summary judgment is moot and will be dismissed as such.

## ORDER

**IT IS ORDERED** that the July 9, 2019 R&R (ECF No. 212) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 216) is **OVERRULED**.

**IT IS FURTHER ORDERED** that James' motion to correct (ECF No. 205) and motion for summary judgment (ECF No. 206) are **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that James' objections to the magistrate judge's orders (ECF Nos 218, 219) are **OVERRULED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  March 18, 2020                                    /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge